UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FULGINI ORILIO & F.LLI S.p.A,

                        Plaintiff,                          MEMORANDUM AND
                                                            ORDER
                    -against-                         CV-05-3718 (SMG)

FRANK C. LETTIERI and KINENOD REALTY
CORP.,

                        Defendants.
-----------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

      In this action, plaintiff seeks to recover money allegedly owed pursuant to guarantees executed by defendants. Because material issues of fact exist regarding whether there are any monies owed that are covered by the guarantees, plaintiff's motion for summary judgment is denied.

## BACKGROUND

      The facts giving rise to this litigation are largely undisputed. Plaintiff, Fulgini Orilio & F.LLI S.p.A ("Fulgini"), manufactures furniture in Italy. Camel USA, Inc. ("Camel") and Cellini Furniture Crafters, Inc. ("Cellini") (collectively, the "Distributors") at one time imported and sold furniture in the United States. On December 1, 1998, Fulgini accepted a promissory note from Camel in the amount of $855,992 in full satisfaction of all money owed to Fulgini by the Distributors. On April 1, 1999, Fulgini entered into a Distributorship Agreement with the Distributors to sell plaintiff's furniture in the U.S. At that time, the defendants, Frank Lettieri, then Cellini's chairman, and Kinenod Realty Corp., an entity associated with Lettieri, entered into guarantees ensuring the Distributors' full performance on the promissory note and Distributorship Agreement. *See* Decl. of John P. Gleason, Exs. A and B, Docket Entry 21.

Plaintiff Fulgini alleges that the Distributors, and thereby defendants pursuant to the guarantees, owe €155,584.68, or about $185,407.48. Defendants assert that Camel and Cellini paid the entire balance they owed to Fulgini. The defendants further contend that any outstanding balance due to plaintiff is owed by Mobili 2000 Furniture, Inc. ("Mobili 2000"), a separate entity formed by Camel's principal after the guarantees were executed, and that Mobili 2000's debts are not secured by defendants' guarantees.

## DISCUSSION

Summary judgment is appropriate where "there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c). An issue of fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991). In reaching a summary judgment determination, the court must resolve ambiguities and draw reasonable inferences in favor of the nonmoving party. *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162,167 (2d Cir. 1991).

The moving party bears the initial burden of establishing that there are no genuine issues of material fact and the non-moving party may defeat summary judgment by producing specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514; *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996). Conclusory allegations, however, are insufficient and "[t]here must be more than a 'scintilla of evidence'" to defeat a motion for summary judgment. *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d

174, 178 (2d Cir. 1990) (*quoting Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512).[1]

"Where . . . a creditor seeks summary judgment upon a written guaranty, the creditor need prove no more than an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarantee." *Kensington House Co. v. Oram*, 293 A.D.2d 304, 305, 739 N.Y.S.2d 572 (1st Dep't 2002). Plaintiff here has established the first element – absolute guarantees executed by defendants – but not the underlying debt of Camel or Cellini.

As noted above, plaintiff has submitted the guarantees executed by defendants Lettieri and Kinenod Realty. Both guarantees appear to have been executed on April 1, 1999. Each provides a guarantee of the performance of Camel U.S.A., Inc., and Cellini Furniture Crafters, Inc., both New York corporations. The guarantees make no reference to the performance of the principals of Camel or Cellini, of corporations related to or succeeding Camel or Cellini, or of any other entity or individual.

The burden of proving that the Distributors owe an outstanding debt rests, of course, with plaintiff. Plaintiff did submit a Rule 56.1 statement asserting that Camel and Cellini failed to pay €155,584.68 they owe to Fulgini. Pl.'s Rule 56.1 Statement, ¶¶ 11-12. Contrary to the requirement of Local Civil Rule 56.1(d), however, plaintiff's statement does not include a "citation to evidence which would be admissible" at trial to support its assertion.

---

[1] Plaintiff argues that defendants' submission in opposition to summary judgment does not comply with Federal Rule of Civil Procedure 56 because their affidavits are conclusory and lack supporting documentation. Reply Mem. pp. 3-6, Docket Entry 28. *See also* Affidavit of Cheryl Benedict ¶ 11. Plaintiff's own submission, however, is similarly deficient in that the only affidavit plaintiff has presented is from its counsel. *See* FED. R. CIV. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

In their opposition papers, defendants challenge plaintiff's assertion that the Distributors owe any money to Fulgini. Defendants have submitted affidavits of defendant Frank Lettieri, former chairman of Cellini, and Cheryl Benedict, Camel's founder. Both allege that defendants paid their debts to Fulgini in full before this action was brought. Lettieri Aff. ¶¶ 11-12; Benedict Aff. ¶¶ 11-12.

Plaintiff correctly points out in reply that it is unclear whether the Lettieri and Benedict affidavits were submitted on information and belief acquired from others or whether they were "made on personal knowledge" and set forth facts "as would be admissible in evidence" as Federal Rule of Civil Procedure 56 requires. As noted above, however, it is plaintiff that bears the burden of establishing the existence of an outstanding debt. Plaintiff has not submitted evidence of Camel or Cellini's indebtedness, such as an affidavit of an accountant, principal or employee familiar with the amounts owed and payments made by Cellini and Camel. Rather, the only evidence submitted by plaintiff to establish the debt it claims is owed are its own documents headed "Account Statement" for Cellini Furniture Crafters, Inc., Camel USA and an entity referred to as "Mobili 2000 Camel USA." Reply Decl. Ex. A, Docket Entry 27, and Letter dated Apr. 20, 2007, Ex. B, Docket Entry 32.

Plaintiff seems to argue that the debts attributed to "Mobili 2000 Camel USA" are debts of Camel and therefore covered by the defendants' guarantees. Defendants, however, have raised a material question of fact in response to this assertion. In her affidavit, Cheryl Benedict states that Camel and Mobili 2000 Furniture, Inc., are separate corporations, and that Camel ceased doing business in January of 2002. Yet many of the outstanding amounts listed in plaintiff's statement of account as due for "Mobili 2000 Camel USA" were incurred from 2002 to 2005,

4

after Camel, according to Benedict, was no longer operating. *See* Docket Entry 32-3 at pp. 13-18. Moreover, Benedict is the founder of both Camel and Mobili 2000. *See* Benedict Aff. ¶¶ 7, 13. Thus, whether or not Benedict has personal knowledge that Camel paid off its debts to Fulgini, there can be little doubt that she is able to provide admissible evidence about when Camel ceased operations and that Camel and Mobili 2000 are separate corporations.

In short, defendants have raised a question of fact as to whether Camel and Cellini owe any debt to Fulgini, or whether the debt is actually owed by Mobili 2000, a different entity. Even plaintiff's own evidence suggests that the money is owed by Mobili 2000. Thus, drawing all reasonable inferences in favor of defendants, an issue of fact remains concerning the source of the underlying debt.

Plaintiff also argues that Mobili 2000 is an alter ego of Camel, and that Mobili 2000's debts should therefore be considered as if they were debts of Camel. Reply Mem. p. 2. The question of whether one corporation is an alter ego of another is a fact-specific inquiry, and therefore often not amenable to resolution on a motion for summary judgment. *See U.S. v. Hued*, 1992 WL 346877, at *3 (S.D.N.Y. Nov. 10,1992). The factors relevant to establishing alter ego liability include

> whether the . . . alleged . . . alter egos intermingled funds; overlapped in ownership, officers, directors, and personnel; shared common office space, addresses and telephone numbers; and/or whether payments or guarantees of one corporation's debts have been paid or held by the other.

*Fesco Ocean Management Ltd. v. High Seas Shipping Ltd.*, 2007 WL 766115, at *3 (S.D.N.Y. Mar. 12, 2007). *See also MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC,* 268 F.3d 58, 63 (2d Cir. 2001) (noting that a determination of whether a court should pierce the

corporate veil is a "fact specific" inquiry); *State of New York v. Int'l Fidelity Insur. Co.*, 152 A.D.2d 77, 80, 547 N.Y.S.2d 466, 468 (3d Dep't 1989) (noting a number of factual questions to consider in determining whether a change in identity by a principal obligor discharges a guarantor's obligations). In this case, plaintiff's claim of alter ego liability is merely conclusory; plaintiff has presented no evidence, other than Benedict's connection to both corporations, indicating that Mobili 2000 and Camel conducted the same business, used the same space, had the same corporate officers, paid each other's debts, or intermingled funds. Thus, plaintiff is not entitled to summary judgment determining Mobili 2000 to be an alter ego of Camel.

Even if Mobili 2000 and Camel were alter egos, plaintiff still would not be entitled to summary judgment holding defendants liable for Mobili 2000's debts under their guarantees. "[G]uarantee agreements are construed *strictissimi juris* under New York law. . . ." *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F.3d 31, 34 (2d Cir. 1999). Thus, a guarantor will generally be held liable only for the performance specifically identified in the agreement. *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1073-74 (2d Cir. 1996). Moreover, "the obligation of a guarantor . . . is discharged by any alteration, without his knowledge or consent, of the contract to which his guarantee applied, whether or not such alteration is material." *Pergament v. Herrick Credit Corp.*, 200 N.Y.S.2d 535, 539 (Sup. Kings Cty. 1960), *quoted in 805 Third Ave. Co. v. Excel Marketing Enterprises Corp.*, 1987 WL 12822, at *3 (S.D.N.Y. June 18, 1987). *See also Compagnie Financiere*, 188 F.3d at 34; *but see Continental Airlines, Inc. v. Lelakis*, 943 F. Supp. 300, 309-10 (S.D.N.Y. 1996) (finding that a guarantor's obligation on a guarantee was not discharged by a change in risk of the principal obligor where the guarantor was

responsible for the change in the risk).

These principles were applied in *Caldor, Inc. v. Mattel, Inc.*, 817 F. Supp. 408, 412 (S.D.N.Y. 1993), where the court denied summary judgment, finding that there were genuine issues of material fact concerning whether the sale of the principal obligor discharged the guarantor's obligation. Caldor had executed a guarantee on behalf of its subsidiary, Leisure Line Toys, Inc. ("Leisure Line"), in favor of Mattel. Subsequently, Caldor sold Leisure Line, which thereafter defaulted on its payment obligations. Mattel then sought to enforce Caldor's guarantee. In denying the parties' motions for summary judgment, the court noted that the guarantee did not have a provision addressing the parties' obligations in the event Caldor sold its interest in the principal obligor, Leisure Line. The court observed that "[a] guarantor is discharged from its obligations under the Guarantee if the entity whose debts are guaranteed undergoes a change which dramatically and significantly alters the nature of the risk originally undertaken by the guarantor." *Id*. On the other hand, the court also noted that a guarantor's obligation is not discharged by a mere name change by the principal obligor. *Id*. at 412-13. The court concluded that the parties to the guarantee agreement had not contemplated a sale by Caldor of Leisure Line, leaving the status of the guarantee unclear. The court therefore denied summary judgment.

Assuming for purposes of the pending motion that the facts alleged in the affidavit of Cheryl Benedict are true, Mobili 2000 is a separate corporation from Camel USA, and was not even formed until after the defendants executed their guarantees. Benedict Aff. ¶ 13. Clearly, then, the parties could not have contemplated that the guarantees executed by the defendants would encompass the debts of Mobili 2000. Moreover, the guarantees are silent as to the

7

consequences of a change in corporate form by the principal obligors, Camel and Cellini.

Finally, the parties have not presented any evidence from which a court could determine whether Camel and Mobili 2000 are separate and independent entities, or whether Camel simply changed its name to Mobili 2000. Thus, the evidence presented by defendants raises, at a minimum, a material question of fact concerning whether defendants are responsible for Mobili 2000's debts pursuant to the guarantees. Summary judgment is therefore inappropriate.

## CONCLUSION

For all these reasons, plaintiff's motion for summary judgment is denied. **A conference will be held at 10:00 a.m. on July 19, 2007**, with counsel present, at which time a schedule will be set governing the further progress of this case.

**So Ordered.**

/s/

**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**June 26, 2007**